METHFESSEL & WERBEL, ESQS.
3 Ethel Road, Suite 300
PO Box 3012
Edison, New Jersey 08818
(732) 248-4200
+1(732) 248-2355
mailbox@methwerb.com
Attorneys for Township of Millburn, Township of Millburn Police Department, David A. Barber, and Bryant Baerga
Our File No.  75432 ELH

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAZELANN N. APPLEWHITE<br><br>                    Plaintiff,<br><br>V.<br><br>THE TOWNSHIP OF MILLBURN, THE MILLBURN TOWNSHIP POLICE DEPARTMENT, POLICE OFFICER BRYANT BAERGA, SHIELD NUMBER 518, POLICE CHIEF DAVID A. BARBER, TORY BURCH, LLC, TORY BURCH SHORT HILLS, JOHN AND JANE DOES, SHIELD #'S 1-5 UNKNOWN, INDIVIDUALLY, WHO WERE EACH INVOLVED IN THE INCIDENT RESULTING IN PLAINTIFF'S FALE ARREST, SEARCH SEIZURE, DETENTION AND/OR INJURIES<br><br>                    Defendants. | CIVIL ACTION NO.: 11-6957(ES)<br><br>Civil Action<br><br>**Defendants' Local Rule 56.1 Statement of Material Facts** |

**Parties and Witnesses**

1. This case arises out of the arrest and prosecution of the plaintiff for allegedly shoplifting at the Tory Burch boutique in the Short Hills Mall in Millburn, New Jersey on January 30, 2011.  (**Exhibit A**, Complaint at ¶ 4)

2. The plaintiff, Hazelann Applewhite, is an African-American woman who seeks monetary damages under 42 U.S.C. § § 1981, 1983, 1985, and 1986 and the New Jersey Civil Rights Act for violations of state and federal constitutional rights, and under common law claims of malicious prosecution and false arrest.  (**Exhibit A**, Complaint at ¶ 1)

3. Defendant Bryant Baerga has been an officer for the Millburn Township Police Department (MTPD) since 2005.  In that time he estimates that he has executed 50 to 100 arrests for shoplifting.  (**Affidavit of Bryant Baerga** at ¶ ¶ 1-2)

4. Defendant David A. Barber was the Millburn Township Police Department Chief of Police at the time of Applewhite's arrest and is accused of violating the plaintiff's rights in his capacity as Baerga's supervisor.  (**Exhibit A**, Complaint at ¶ ¶ 8, 10)

5. Defendant Tory Burch LLC is a women's fashion company with sixty stores around the world, including the one in the Short Hills Mall where the plaintiff was arrested. (**Exhibit I**, Deposition of Sean Bennett at 6:21-8:14)

6. Witness Larrington "Shone" (or "Sean") Hope was the Assistant General Manager working at Tory Burch in the Short Hills Mall on January 30, 2011 at the time Applewhite was suspected of and arrested for shoplifting. (See **Exhibit I**, Deposition of Sean Bennett at 49:5-8)

7. Witness Sean Bennett is and was at all relevant times Defendant Tory Burch LLC's Director of Loss Prevention. (**Exhibit I**, Deposition of Sean Bennett at 6:14-7:2)

### **Applewhite Presents Merchandise For Store Credit**

8. On the afternoon of January 30, 2011, the plaintiff entered the Short Hills Mall boutique owned by defendant Tory Burch LLC. (**Exhibit A**, Complaint at ¶ 13)

9. The plaintiff proceeded to walk around the store for approximately thirty minutes. (**Exhibit J**, Plaintiff's Deposition at 17:2-4)

10. The plaintiff presented two Blackberry covers and a pair of shorts to an unidentified store clerk, seeking store credit. (**Exhibit A**, Complaint at ¶ ¶ 14-15; **Exhibit J**, Plaintiff's Deposition at 15:18-16:1)

11. The plaintiff did not have a receipt for these items. (**Exhibit J**, Plaintiff's Deposition at 15:24-16:1)

12. The clerk took the items to the back room. (**Exhibit J**, Plaintiff's Deposition at 17:19-23)

13. The plaintiff waited in the seating area. (**Exhibit J**, Plaintiff's Deposition at 17:14-18:1)

14. During the next half hour, plaintiff recounted at deposition, a black man came out of the back room twice and asked Applewhite when and where she had purchased the items. (**Exhibit J**, Plaintiff's Deposition at 18:2-20:12)

15. The plaintiff alleges that she told this man that she had purchased the items either at the Tory Burch store in the Meatpacking District or at the Tory Burch store in Soho. (**Exhibit J**, Plaintiff's Deposition at 18:6-19:1)

16. The plaintiff claims to have made all such purchases with cash. (**Exhibit J**, Plaintiff's Deposition at 16:20-22)

17. The plaintiff claims to have misplaced the receipts. (**Exhibit J**, Plaintiff's Deposition at 15:24-16:1)

18. During the period that Applewhite was sitting in the waiting area, Tory Burch's Assistant General Manager, Larrington "Shone" Hope, reviewed store surveillance footage. (**Exhibit A**, Complaint at ¶ 16; **Exhibit C**, Incident Report at 1)

19. Hope stated that he recognized the items that Applewhite was attempting to return as coming from a display console in the store. (**Exhibit D**, Larrington Hope's Statement)

20. Hope claimed to have checked the display console and saw that the items Applewhite had presented for return were missing from the display. (**Exhibit D**, Larrington Hope's Statement)

21. Hope stated that he looked at surveillance footage and saw Applewhite pick up the Blackberry cases and put them into the left pocket of her jacket. He then saw her pick up the pants which she subsequently described as a gift that she wished to return. (**Exhibit D,** Larrington Hope's Statement; **Exhibit C**, Incident Report at 1)

## Investigation and Arrest

22. On the afternoon in question, Millburn Township Police Officer Bryant Baerga received a call about a suspected shoplifter at the Tory Burch boutique in the Short Hills Mall.  (**Exhibit F**, Bryant Baerga's Answer to Interrogatory # 13)

23. Baerga reported to Tory Burch with a backup officer.  (**Exhibit F**, Bryant Baerga's Answer to Interrogatory # 13)

24. Baerga went into the back room.  (**Exhibit F**, Bryant Baerga's Answer to Interrogatory # 13)

25. Hope told Baerga that Applewhite had presented items for return, that he saw the items were missing from the store's display console, and that he looked at the surveillance footage, which showed Applewhite take the items that she presented to the clerk for store credit.  (**Affidavit of Bryant Baerga** at ¶ 6)

26. Nothing about Hope or the attendant circumstances led Baerga to believe that Hope's report was not trustworthy.  (**Affidavit of Bryant Baerga** at ¶ 7)

27. Baerga saw digital footage of Applewhite taking items from the store display console and concealing them on her person. (**Exhibit C**, Incident Report at 1; **Exhibit F**, Bryant Baerga's Answer to Interrogatory # 13)

28. While Baerga was investigating at Tory Burch, Millburn police dispatch conducted a warrant search on Applewhite and discovered that she had an outstanding traffic warrant from Wayne, New Jersey. (**Exhibit C**, Incident Report at 1; **Exhibit F**, Bryant Baerga's Answer to Interrogatory # 13; **Affidavit of Bryant Baerga** at ¶ 10)

29. Based upon the evidence presented and the outstanding warrant, Officer Baerga placed Applewhite under arrest. (**Affidavit of Bryant Baerga** at ¶¶ 11, 17)

30. Officer Baerga read her Miranda rights and took her to headquarters for processing. (**Exhibit C**, Incident Report at 1)

31. Tory Burch indicated that it wanted to prosecute the case. (**Exhibit C**, Incident Report at ¶ 1)

32. Officer Baerga did not request nor take the merchandise with him from the store pursuant to his understanding of police protocol not to take undamaged merchandise from the scene of a shoplifting arrest when the arrest takes

place in the location of the alleged theft. (**Affidavit of Bryant Baerga** at ¶ 13)

33. Officer Baerga completed paperwork to facilitate the filing of criminal charges at the request of Tory Burch. (**Affidavit of Bryant Baerga** at ¶ 18)

34. Officer Baerga prepared a "Master Incident Field Report" (**Exhibit B**) in his police car, which was approved by his supervisor, Captain Michael Palardy. (**Affidavit of Bryant Baerga** at ¶ 15)

35. The "Incident Report" (**Exhibit C**), which was exchanged earlier during the discovery period, is a computer-generated report that is created using the information in Officer Baerga's "Master Incident Field Report." (**Affidavit of Bryant Baerga** at ¶ 16)

36. Applewhite was released on her own recognizance after posting $558 bail for her traffic warrant and being charged with 2C:20-11(b)(2). (**Exhibit C**, Incident Report at 1)

**Loss of Digital Surveillance Footage**

37. Officer Baerga did not take a copy of the digital surveillance footage he viewed.  (**Affidavit of Bryant Baerga** at ¶ 14)

38. The complainant has the responsibility of making a copy of surveillance footage or to request that the Detective Bureau make a copy.  (**Affidavit of Bryant Baerga** at ¶ 14)

39. Tory Burch did not make such a request to the Detective Bureau.  (**Affidavit of Bryant Baerga** at ¶ 14)

40. The surveillance footage that Hope and Baerga had viewed to conclude that Applewhite had engaged in shoplifting was subsequently lost.  (**Exhibit E**, Court Transcript at 4:16-5:2)

41. While approximately ten minutes of footage from that date exists on a CD, the footage does not show Applewhite shoplifting.  (**Exhibit R**, Surveillance Footage)

42. The prosecutor requested a CD of the incriminating footage on February 22, 2011 from Larrington Hope, who learned that Applewhite rejected a plea offer on that day.  (**Exhibit G**, Hope-Bennett E-mails at 1)

43. After Applewhite rejected the plea offer, the court rescheduled trial for March 22, 2011.  (**Exhibit G,** Hope-Bennett E-mails at 1,6)

44. The footage was lost because of an error on the part of Larrington Hope, who attempted to make a CD copy of the incriminating footage on March 22, 2011 before reporting to court.  (**Exhibit I**, Deposition of Sean Bennett at 69:12-19, 72:11-17; **Exhibit G**, Hope-Bennett E-mails at 3-6)

45. Hope experienced difficulties verifying that he had correctly copied the footage for the prosecutor.  (**Exhibit G**, Hope-Bennett E-mails at 3-6; see also **Exhibit I**, Deposition of Sean Bennett at 72:11-75:11)

46. Hope handed a CD to the Evidence Bureau which contained what he believed was the surveillance footage that led him to believe that Applewhite had attempted to shoplift  (**Exhibit G**, Hope-Bennett E-mails at 3)

47. The digital surveillance system is on a loop that tapes over itself cyclically, typically every 30 to 60 days.  (**Exhibit I**, Deposition of Sean Bennett at 80:21-83:25)

48. Larrington Hope made a copy of surveillance footage on March 22, 2011, forty-one days after the incident.  (See **Exhibit G**, Hope-Bennett E-mails at 3-6)

49. When the municipal prosecutor moved to dismiss the charges against Applewhite on June 20, 2011, he stated that when he and Hope watched the footage on the CD together, they realized that Hope had not captured the footage he claimed to have observed on January 30, 2011, and that the original, incriminating footage had been deleted by that time.  (**Exhibit E**, Court Transcript at 4:19-5:2)

50. The prosecutor made a motion to dismiss the shoplifting charges against Applewhite on June 20, 2011 because the incriminating footage had been lost, and the prosecutor conceded that he could not prove Applewhite's guilt beyond a reasonable doubt.  (**Exhibit E**, Court Transcript at 4:3-6:1)

### **Larrington Hope**

51. Tory Burch terminated Larrington Hope on or about June 23, 2011 for stealing merchandise.  (**Exhibit I**, Deposition of Sean Bennett at 27:5-7, 34:9-36:28; **Exhibit H**, Summons and Complaint in State v. Larrington Hope)

52. Tory Burch last had contact with Larrington Hope by phone sometime in 2012 but has since lost contact with him. His residence is no longer known. (**Exhibit I**, Deposition of Sean Bennett at 49:16-55:14)

**Plaintiff's Allegations of a Racial Motive or Malice**

53. The plaintiff in this case alleges that her arrest and prosecution were racially motivated, but at her deposition, she could cite no action tending to show racial motivation for the actions of the defendants. (**Exhibit J**, Plaintiff's Deposition at 31:9-2, 101:17-102:24)

54. Officer Baerga had no animosity towards Ms. Applewhite. He was simply responding to a call from management of a store which accused her of attempted shoplifting. He made the arrest and filed charges based on the evidence presented to him, the request of the complainant to file charges, and the pendency of an outstanding warrant for Ms. Applewhite's arrest. (**Affidavit of Bryant Baerga** at ¶ 17-18)

                                           **METHFESSEL & WERBEL, ESQS.**
                                           Attorneys for Defendants

DATED: 11/20/12                 By:_____
                                                Eric L. Harrison